# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **OLIVE M. MYRICK,** | |
| Plaintiff, | Case No. 07-2166 KHV |
| vs. | JURY DEMAND |
| **BRIAN J. SCHNITTA, D.C.;** | |
| <u>Serve at:</u><br>12300 W. 155th Street<br>Overland Park, Kansas 66221 | |
| **NATURAL WAY CHIROPRACTIC CENTER, P.A.,** | |
| <u>Serve Registered Agent:</u><br>M & H Agent Services, Inc.<br>Corporate Woods Building 12<br>10975 Benson, Suite 550<br>Overland Park, Kansas 66210 | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

Plaintiff Olive M. Myrick for her Petition against Defendants Brian J. Schnitta, D.C. and Natural Way Chiropractic Center, P.A., states as follows:

### PARTIES

1. Plaintiff Olive M. Myrick is a citizen and resident of the State of Missouri. Plaintiff Olive Myrick resides at 1004 W. 97th Street, Kansas City, Missouri, 64114.

2. Defendant Brian J. Schnitta, D.C. is a citizen and resident of the State of Kansas, who, upon information and belief, resides at 12300 W. 155th Street, Overland Park, Kansas 66221.

3. Defendant Natural Way Chiropractic Center, P.A., (hereinafter "Natural Way Chiropractic") is a corporation in good standing and organized under the laws of the State of Kansas and, upon information and belief, can be served with service of process through its resident agent, M & H Agent Services, Inc., Corporate Woods Building 12, 10975 Benson, Suite 550, Overland Park, Kansas 66210. Natural Way Chiropractic Center, P.A. is domiciled and has its principal place of business in Kansas.

## JURISDICTION AND VENUE

4. Plaintiff Olive Myrick is a citizen of the State of Missouri. Defendant Brian J. Schnitta, D.C. is a citizen of the State of Kansas. Defendant Natural Way Chiropractic is a corporation incorporated under the laws of the State of Kansas having its principal place of business in a state other than Missouri. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5. This cause of action arose out of events occurring in Johnson County, Kansas, therefore venue and place of trial is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(a) because each of the defendants resides in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 5 above as if fully set out herein.

7. In April of 2005, plaintiff Myrick suffered from osteoarthritis in her right knee and osteoporosis.

8. Plaintiff Myrick was preparing for a family trip to Normandy, France, which was

to take place from June 17 through June 30, 2005.

9. In April 2005, plaintiff Myrick sought treatment from defendant Schnitta for the express reason to treat the osteoarthritis in her right knee to ensure that she was pain-free for the family trip to Normandy.

10. Defendant Brian J. Schnitta, D.C., a chiropractor employed by defendant Natural Way Chiropractic, and other employees under the direction of defendant Brian J. Schnitta, D.C., provided treatment to plaintiff Myrick from April 27, 2005 through June 16, 2005.

11. All of defendant Schnitta's treatment of and contact with plaintiff Myrick occurred at defendant Natural Way Chiropractic Center offices. In all instances, defendant Schnitta was acting as an agent for defendant Natural Way Chiropractic.

12. Before rendering treatment and throughout the course of treatment, defendant Schnitta did not inform plaintiff Myrick of the risks of chiropractic treatment on a patient with osteoporosis.

13. Before rendering treatment and throughout the course of treatment, defendant Schnitta did not inform plaintiff Myrick that osteoporosis was a contraindication for chiropractic treatment.

14. The treatment rendered by defendant Schnitta or treatment rendered on his behalf and/or at his direction by other employees of defendant Natural Way Chiropractics, consisted of spinal adjustments, ultrasounds and, on three occasions, the use of a chiropractic instrument on plaintiff Myrick's pelvis. Upon information and belief, the "chiropractic instrument" used was an Accuforce 7.0.

15. Defendant Schnitta and other employees of defendant Natural Way Chiropractics administered spinal adjustments to plaintiff Myrick's T12, L3 and L5 discs on numerous

occasions from April 27, 2005 through May 20, 2005.

16. Prior to the administration of these spinal adjustments, plaintiff Myrick never experienced severe, chronic lower back pain.

17. After the administration of the spinal adjustments, plaintiff Myrick suffered severe, chronic lower back pain.

18. Plaintiff Myrick told defendant Schnitta after two to three treatments that the treatments caused severe, chronic lower back pain.

19. Defendant Schnitta continued to treat plaintiff Myrick with spinal adjustments after learning that she was suffering from severe, chronic lower back pain.

20. On June 10, 2005, plaintiff Myrick told defendant Schnitta that June 10 would be her last visit with him.

21. On June 10, defendant Schnitta, without warning and without the consent of plaintiff Myrick, used the chiropractic instrument on plaintiff Myrick's left pelvis and forced impact to her pubis ramus.

22. Defendant Schnitta's use of the chiropractic instrument on June 10, 2005, caused multiple fractures in plaintiff Myrick's pelvis.

23. On June 13, 2005, plaintiff Myrick told defendant Schnitta she was experiencing severe pain in her groin.

24. On June 13, defendant Schnitta told plaintiff Myrick he would take an x-ray to determine if there was anything wrong.

25. An x-ray was taken of plaintiff Myrick's lower spine. This x-ray was overexposed and did not show the pelvis or groin area.

26. Defendant Schnitta represented to plaintiff Myrick everything was fine, that the

pain in her groin would resolve with treatment and that the x-ray did not indicate any problems.

27. From June 13, 2005 through June 16, 2005, plaintiff Myrick received ultrasound treatments from defendant Schnitta for treatment to the pain in her groin.

28. Plaintiff Myrick's last visit with defendant Schnitta occurred on June 16, 2005.

29. On July 3, 2005, plaintiff Myrick was diagnosed with multiple fractures of the left superior and inferior pubic rami that showed callous formation.

## COUNT I - NEGLIGENCE - PROFESSIONAL MALPRACTICE

30. Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 29 above as if fully set out herein.

31. Defendant Schnitta, acting individually and as an agent of defendant Natural Way Chiropractic, was negligent in his treatment of plaintiff Myrick in the following respects:

   A. Using the chiropractic instrument upon plaintiff Myrick's pelvis on three occasions when plaintiff Myrick suffered from osteoporosis; and/or
   B. Using the chiropractic instrument with excessive force upon plaintiff Myrick's pelvis on June 10, 2005, causing multiple fractures in her pelvis; and/or
   C. Using the chiropractic instrument upon plaintiff Myrick's pelvis on June 10, 2005 without her consent; and/or
   D. Failing to x-ray her groin area when plaintiff Myrick told him she was experiencing severe pain in that area; and/or
   E. Failing to advise plaintiff Myrick to seek medical treatment for the fractures and/or severe pain in her groin; and/or
   F. Failing to diagnose multiple fractures in plaintiff Myrick's pelvis; and/or
   G. Failing to disclose to plaintiff Myrick the nature and probable consequences of chiropractic treatment, including spinal manipulation and/or the use of the chiropractic instrument; and/or
   H. Failing to disclose to plaintiff Myrick the dangers which were possible or incident to chiropractic treatment, including spinal manipulation and/or the use of the chiropractic instrument; and/or
   I. Failing to disclose to plaintiff Myrick that osteoporosis is a contraindication for chiropractic treatment; and/or
   J. Administering spinal adjustments upon plaintiff Myrick for the treatment of degenerative joint disease in her right knee; and/or
   K. Administering spinal adjustments upon plaintiff Myrick who suffered osteoporosis; and/or
   L. Continuing to administer spinal adjustments upon plaintiff Myrick after

        plaintiff complained of severe, chronic lower back pain; and/or

M.    Continuing to administer spinal adjustments upon plaintiff Myrick for the treatment of pain in her right knee when little to no improvement in the condition of the knee resulted.

32.    As a direct and proximate result of the negligent acts committed by defendant Schnitta acting individually and as an agent for defendant Natural Way Chiropractic, plaintiff has, and will in the future, endure pain, suffering, mental anguish and emotional distress, has been required to obtain medical treatment, may be required to undergo additional continued medical treatment, has incurred medical bills and out of pocket expenses, and will sustain said damages into the future.

WHEREFORE, plaintiff Olive M. Myrick prays that judgment be entered in her favor and against defendant Brian J. Schnitta, D.C. and defendant Natural Way Chiropractic Center, P.A., in a fair and reasonable amount in excess of $75,000 for her past and future pain and suffering, mental anguish and emotional distress, past and future medical bills and out of pocket expenses, her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

33.    Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 32 above as if fully set out herein.

34.    On numerous occasions from April 27, 2005 through May 20, 2005, unknown employees of defendant Natural Way Chiropractic, acting within the course and scope of their employment, administered spinal adjustments to plaintiff Myrick and/or administered other treatments at the direction of defendant Schnitta.

35.    The aforementioned employees were negligent in their treatment of plaintiff Myrick in the following respects:

      A. Failing to determine whether appropriate orders were made concerning the treatment and care of plaintiff Myrick; and/or

      B. Administering spinal adjustments to plaintiff Myrick; and/or

      C. Administering ultrasound treatments to plaintiff Myrick for the treatment of a broken pelvis.

36. The aforementioned employees were at all times employees of defendant Natural Way Chiropractic acting within the course and scope of their employment, and defendant Natural Way Chiropractic is vicariously liable for the acts of its employees.

37. As a direct and proximate result of the employees of defendant Natural Way Chiropractic, plaintiff Myrick has endured pain, suffering, mental anguish and emotional distress, has been required to undergo additional medical treatment, may be required to undergo additional continued medical treatment, has incurred medical bills and out-of-pocket expenses, and will sustain said damages into the future.

WHEREFORE, plaintiff Olive M. Myrick prays that judgment be entered in her favor and against defendant Natural Way Chiropractic Center, P.A., in a fair and reasonable amount in excess of $75,000 for her past and future pain and suffering, mental anguish and emotional distress, past and future medical bills and out of pocket expenses, her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

## COUNT III - FRAUDULENT REPRESENTATION

38. Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 37 above as if fully set out herein.

39. On June 13, 2005, plaintiff Myrick told defendant Schnitta that she was experiencing severe pain in her groin and/or pelvis after the use of the chiropractic instrument to her pelvis on June 10, 2005.

40. On June 13, defendant Schnitta represented to plaintiff Myrick everything was

7

fine, that the pain in her groin and/or pelvis would resolve with treatment and that the x-ray did not indicate any problems.

41. On June 13, defendant Schnitta represented to plaintiff Myrick that, despite the pain in her groin and/or pelvis, she was in sufficient medical condition to make the trip to Normandy.

42. Defendant Schnitta continued to make these representations on June 14, June 15 and June 16, 2005.

43. Defendant Schnitta made these representations about the condition of plaintiff Myrick's groin and/or pelvis based on an x-ray of plaintiff Myrick's lower back that did not show her pelvis.

44. The making of such representations without knowledge amounts to recklessness.

45. Defendant Schnitta intentionally made the representations for his own pecuniary gain, so that plaintiff Myrick would continue seeking treatment from him.

46. Plaintiff Myrick reasonably relied on the representations, did not seek additional medical treatment and traveled to Normandy, France.

47. Plaintiff Myrick did not receive medical treatment for the fractures in her pelvis until July 3, 2005 and endured unnecessary pain and suffering without treatment due to the representations made to her by defendant Schnitta, acting individually and as an agent of defendant Natural Way Chiropractic.

48. As a direct and proximate result of the fraudulent acts committed by defendant Schnitta, acting individually and as an agent of defendant Natural Way Chiropractic, plaintiff has, and will in the future, endure pain, suffering, mental anguish and emotional distress and will sustain said damages into the future.

WHEREFORE, plaintiff Olive M. Myrick prays that judgment be entered in her favor and against defendant Brian J. Schnitta, D.C. and defendant Natural Way Chiropractic Center, P.A., in a fair and reasonable amount in excess of $75,000 for her past and future pain and suffering, mental anguish and emotional distress, her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

## COUNT IV - BATTERY

49. Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 48 above as if fully set out herein.

50. Defendant Schnitta, acting individually and as an agent of defendant Natural Way Chiropractic, used the chiropractic instrument on plaintiff Myrick's pelvis on two occasions, on or about April 28 and April 29, 2005.

51. On or about April 29, 2005, after the use of the chiropractic instrument, plaintiff Myrick told defendant Schnitta that the procedure hurt and that she did not want him to use the chiropractic instrument on her again.

52. On June 10, 2005, suddenly, and without warning or the consent of plaintiff Myrick, defendant Schnitta used the chiropractic instrument upon plaintiff Myrick's left pelvis and excessively forced impact to her pubis ramus.

53. The use of the chiropractic instrument upon plaintiff Myrick's left pelvis constituted an unprivileged touching by defendant Schnitta.

54. The use of the chiropractic instrument by defendant Schnitta upon plaintiff Myrick was intentional.

55. The contact resulted in harmful contact, i.e., multiple fractures of plaintiff Myrick's left pelvis.

56. As a direct and proximate result of the intentional acts committed by defendant Schnitta, acting individually and as an agent of defendant Natural Way Chiropractic, plaintiff has, and will in the future, endure pain, suffering, mental anguish and emotional distress, has been required to subsequent medical treatment, may be required to undergo additional continued medical treatment, has incurred medical bills and out of pocket expenses, and will sustain said damages into the future.

WHEREFORE, plaintiff Olive M. Myrick prays that judgment be entered in her favor and against defendant Brian J. Schnitta, D.C. and defendant Natural Way Chiropractic Center, P.A., in a fair and reasonable amount in excess of $75,000 for her past and future pain and suffering, mental anguish and emotional distress, past and future medical bills and out of pocket expenses, her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

## COUNT V - FRAUDULENT BILLING

57. Plaintiff Olive Myrick re-alleges and incorporates by reference paragraphs 1 through 56 above as if fully set out herein.

58. Spinal adjustments were performed by Defendant Schnitta, or were performed at his direction at the defendant Natural Way Chiropractic offices, from April 28 through May 19, 2005.

59. After May 19, 2005, plaintiff Myrick did not receive another spinal adjustment from defendant Schnitta or anyone acting on his behalf.

60. After May 19, 2005, plaintiff Myrick received ultrasound treatments to her back at the direction of defendant Schnitta at the defendant Natural Way Chiropractic offices.

61. From May 20, 2005 through June 16, 2005, defendant Schnitta and defendant

10

Natural Way Chiropractic offices improperly billed plaintiff Myrick for spinal adjustments she did not receive.

62. Plaintiff Myrick reasonably relied on these billings to her detriment and was overcharged for the services rendered by defendant Schnitta and defendant Natural Way Chiropractic.

WHEREFORE, plaintiff Olive M. Myrick prays that judgment be entered in her favor and against defendant Brian J. Schnitta, D.C. and defendant Natural Way Chiropractic Center, P.A., in a fair and reasonable amount for the amount plaintiff was overcharged, for her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**BOTTARO, MOREFIELD & KUBIN, L.C.**

*/s/ Patrick F. Bottaro*

Patrick F. Bottaro  # 23071
Richard W. Morefield, Jr.  # 13128
1001 E. 101st Terrace, Suite 120
Kansas City, Missouri 64131
(816) 531-8188
(816) 531-8588 (fax)

**ATTORNEYS FOR PLAINTIFF
OLIVE M. MYRICK**

Plaintiff designates Kansas City, KS as place of trial.

11